**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

EYOHKA TARTA,

           Plaintiff,

           v.

NATION CARE, INC., *et al*.,

           Defendants.

Civil Action No. 11-01552 (BAH)
Judge Beryl A. Howell

---

**MEMORANDUM OPINION**

      Plaintiff Eyohka Tarta brought suit against defendants Pius Fon and Nation Care, Inc. (collectively, "defendants") under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), *et seq*., and Maryland law, alleging a hostile work environment and retaliation by defendant Nation Care, Inc. ("NCI") and common law battery by defendant Fon.  Amended Complaint, ECF No. 13 ("Am. Compl."), ¶¶ 39-59.[1]  Pending before the Court is the Defendants' Motion to Dismiss Plaintiff's Amended Complaint, ECF No. 14.  The defendants seek to dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[2]  Defs.' Mot. to Dismiss, ECF No. 14 ("Defs.' Mot"), at 1.  The defendants argue

---

[1] The Amended Complaint, ECF No. 13, is the operative Complaint.

[2] This Court has subject matter jurisdiction over the Title VII claim under 42 U.S.C. § 2000e-5(f) and 28 U.S.C. § 1331, and supplemental jurisdiction over the accompanying state law claim under 28 U.S.C. § 1367.  Under Title VII, venue is proper in "any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office."  42 U.S.C. § 2000e-5(f)(3).  While the plaintiff identifies Maryland as the place in which the alleged unlawful employment practices occurred, Am. Compl. ¶¶ 20, 47, the defendant NCI apparently has its principal place of business in Washington, D.C. and maintains employment related records in this jurisdiction.  Am. Compl. ¶¶ 3-5; Original Complaint, ECF No. 1 ("Original Compl."), ¶ 2; *id.* Att. 1 (pay stub showing address of NCI in Washington, D.C.).  In any event, any defense of improper venue has been waived since the defendants failed to assert such defense in its motion.  FED. R. CIV. P. 12(h)(1)(A), (B); *George Washington Univ. v. DIAD, Inc.*, No. 96-301-LFO, 1996 WL 470363, at *1

that the plaintiff's Amended Complaint should be dismissed, under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), because (1) the plaintiff "failed to bring her Title VII claims against Nation Care, Inc. within 90 days of receipt of her right-to-sue letter," Defs.' Mem. in Supp. of Mot. to Dismiss, ECF No. 14 ("Defs.' Mem"), at 4, and (2) the plaintiff has failed to show that the defendant NCI received notice of the claims before expiration of the 90-day limitations period and, consequently, the Amended Complaint does not satisfy the prerequisites under Federal Rule of Civil Procedure 15(c) for relation back to the Original Complaint. The defendants further argue that the plaintiff's state law claims must be dismissed because the Court may not exercise supplemental jurisdiction over them upon dismissal of the Title VII claims. Defs.' Mot. at 1.  For the reasons discussed below, the defendants' Motion to Dismiss is DENIED.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

The plaintiff Tarta was formerly employed for approximately six months as a certified home health aide by defendant NCI, which is allegedly owned by defendant Fon.  Am. Compl. ¶¶ 3, 11, 16, 36. [3]  The plaintiff alleges that defendant Fon sexually harassed her beginning from the time defendant Fon interviewed her for the job and continuing throughout her employment. *Id*. ¶¶ 14-36.   Specifically, the plaintiff alleges that defendant Fon "upon meeting her, immediately began asking her personal questions and making sexual and or romantic comments to her, including telling her that she was 'sexy,' and asking her out on a date."  *Id*. ¶ 14.  Despite

---

(D.D.C. Aug. 9, 1996) (finding that the defendant waived its objection to venue by failing to assert it in its "first defensive move").

[3] The defendants characterize the plaintiff's Title VII claims as "obviously frivolous and devoid of merit."  Defs.' Mem. at 8.  The Court disagrees and further notes that these claims are assumed to be true for purposes of the Motion to Dismiss.

this initial interaction, the plaintiff "[r]eluctantly . . . accepted a position with [NCI] in or about March or April of 2010." *Id.* ¶ 16.

Following the plaintiff's training by NCI, she was allegedly the only "new hire" who was not assigned a home health care case. *Id.* ¶ 18. If home aides are not assigned cases, they do not make hourly wages. *Id.* ¶ 19. When the plaintiff queried defendant Fon about why she was not assigned a case, he allegedly responded "I don't really want to give you a case, I want to date you." *Id.* ¶ 18. On one occasion, defendant Fon responded to the plaintiff's complaint about not being assigned a case by requesting that the plaintiff meet him in the office after hours. *Id.* ¶ 20. According to the plaintiff, defendant Fon chose this time "so that he could make sexual advances . . . while the offices were empty." *Id.* ¶ 21. During the meeting, defendant Fon asked the plaintiff to "sit on my lap" and asked "what's wrong with that?" *Id.* ¶ 22. The plaintiff alleges that defendant Fon then "turned down the lights in the office, approached [the plaintiff], pressed his body against hers, and attempted to lift her body up off the ground." *Id.* ¶ 23. The plaintiff told defendant Fon "to stop, and fled the office." *Id.* ¶ 24.

When the plaintiff had not been assigned a new case after approximately two weeks in her new position, she contacted defendant NCI, and employees directed her to speak with defendant Fon. *Id.* ¶¶ 25-26. Defendant Fon requested that the plaintiff meet him at a hotel, the "Econolodge." *Id.* ¶ 27. The plaintiff "initially refused, but relented when defendant Fon promised to give her an assignment." *Id.* ¶ 28. At the hotel, defendant Fon "offered her alcohol, despite the fact that he knew that she was under the age of twenty-one" and asked her "to sit on the bed, and touched her breasts repeatedly, stating that 'you're lucky to have such nice breasts.'" *Id.* ¶¶ 29-30. The plaintiff then fled the hotel. *Id.* ¶ 31.

Case 1:11-cv-01552-BAH   Document 20   Filed 06/05/12   Page 4 of 12

The plaintiff "eventually received a case assignment by demanding one repeatedly from office staff." *Id.* ¶ 34. The plaintiff alleges, however, that the "[d]efendants withheld wages from [the plaintiff], in violation of law, in retaliation for her refusal to enter a sexual relationship with [d]efendant Fon." *Id.* ¶ 35. The plaintiff alleges that she was then "terminated, actually and or constructively, by [d]efendants, in or about August of 2010." *Id.* ¶ 36.

On November 20, 2010, the plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC"). *Id.* ¶ 37; Original Compl. Att. 1 (Charge of Discrimination Filed with EEOC). On May 31, 2011, the EEOC issued to the plaintiff a Notice of Right to Sue. Am. Compl. ¶ 38; *id.* Att. 1 (EEOC Notice of Right to Sue).

On August 29, 2011, within the 90 days the plaintiff had to file a lawsuit under Title VII after receiving her Right to Sue Letter, the plaintiff filed a *pro se* complaint against Pius Fon, alleging that defendant Fon discriminated against her on the basis of sex, in violation of Title VII, by "subjecting [her] to severe and pervasive unwelcome sexual advances —unwelcome physical touching, propositions for sex, and sexual comments, as a condition for offering [her] employment, and requesting sexual favors as a condition for continuing employment with his company." Original Compl. at 1. The Original Complaint did not name NCI as a party to the action. In response, defendant Fon filed a Motion to Dismiss the Complaint, arguing that the plaintiff's claims must be dismissed under Federal Rule of Procedure 12(b)(6) for failure to state a claim on which relief can be granted because Title VII does not provide for individual liability and the plaintiff had named only Pius Fon, and not NCI, as a defendant. Def.'s Mem. in Supp. of Mot. to Dismiss [Original] Compl., ECF No. 6, at 1. The plaintiff retained counsel and filed an Opposition to Defendant's Motion to Dismiss, ECF No. 9, and a Motion for Leave to Amend Complaint, ECF No. 10, to name NCI as a defendant and to add additional claims against

defendant Fon.  On December 12, 2011, this Court granted the Plaintiff's Motion for Leave to Amend Complaint, and denied as moot Defendant's Motion to Dismiss the Original Complaint, ECF No. 6.  *See* Minute Order (Dec. 12, 2011).

On December 12, 2011, the plaintiff filed an Amended Complaint designating both Pius Fon and NCI as defendants.  Am. Compl.  Based upon the factual allegations described above, the plaintiff alleges that defendant NCI violated Title VII through a hostile work environment and sex discrimination (Count I) and retaliation (Count II); and defendant Fon committed battery "in or about April or May of 2010" (Count III) and "in the summer of 2010" (Count IV).  *Id.* ¶¶ 39-59.

On December 21, 2011, the defendants filed a Motion to Dismiss the plaintiff's Amended Complaint.  Defs.' Mot.  The plaintiff filed no timely response to the Defendants' Motion to Dismiss the Plaintiff's Amended Complaint, prompting the Court to order the plaintiff to show cause why the defendants' Motion should not be granted as conceded.  *See* Minute Order (Jan. 18, 2012).  On January 30, 2012, the plaintiff filed a response to the Court's Order, and her opposition.  ECF No. 17.[4]  For the reasons explained below, the defendants' Motion to Dismiss, ECF No. 14,  is without merit and, therefore, is DENIED.

## II.   LEGAL STANDARD

On a motion to dismiss for lack of subject matter jurisdiction, under Rule 12(b)(1) of the Federal Rules of Civil Procedure, the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence.  FED. R. CIV. P. 12(b)(1); *Mostofi v. Napolitano*, No. 11-0727, 2012 WL 251922, at *2 (D.D.C. Jan. 27, 2012) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)); *Kim v. United States*, No. 08-01660, 2012 WL 34383, at *3 (D.D.C. Jan. 9,

---

[4]The response indicated that the plaintiff's counsel had inadvertently missed seeing the Defendants' Motion to Dismiss, which was filed shortly before the holidays.  The Court anticipates that going forward, counsel will make filings in a timely manner, so as not to prejudice his client.

2012); *Shekoyan v. Sibley Int'l Corp.*, 217 F. Supp. 2d 59, 63 (D.D.C. 2002).   As the Supreme Court has explained "many times," the "district courts of the United States . . . are 'courts of limited jurisdiction.   They possess only that power authorized by Constitution and statute.'" *Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 552 (2005) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)) (internal citations omitted); *see also Micei Int'l v. DOC*, 613 F.3d 1147, 1151 (D.C. Cir. 2010) ("[T]wo things are necessary to create jurisdiction in an Article III tribunal other than the Supreme Court . . . The Constitution must have given to the court the capacity to take it, and an act of Congress must have supplied it.") (internal citations and quotation marks omitted).   For this reason, a "federal district court's initial obligation is to ascertain its subject matter jurisdiction."  *Malyutin v. Rice*, 677 F. Supp. 2d 43, 45 (D.D.C. 2009), *aff'd*, No. 10-5015, 2010 WL 2710451 (D.C. Cir. July 6, 2010).   When a court lacks subject matter jurisdiction, it must dismiss the case.  *See Ravulapalli v. Napolitano*, 773 F. Supp. 2d 41, 48 (D.D.C. 2011); *McManus v. District of Columbia*, 530 F. Supp. 2d 46, 62 (D.D.C. 2007).

In evaluating whether a complaint sufficiently states a claim for relief to withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must first ascertain whether the complaint contains "a short and plain statement of the claim showing that the pleader is entitled to relief[,]" as well as grounds for the court's jurisdiction and the specific relief sought.  FED. R. CIV. P. (8)(a).  While "detailed factual allegations" are not required, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation marks omitted); *see also Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004).  In assessing whether a complaint is sufficient, the "court 'constru[es] the complaint liberally in the

plaintiff's favor,' 'accept[ing] as true all of the factual allegations contained in the complaint.'"
*Aktieselskabet AF 21. Nov. 2001 v. Fame Jeans Inc.*, 525 F.3d 8, 15 (D.C. Cir. 2008) (citing
*Kassem v. Wash. Hosp. Ctr.*, 513 F.3d 251, 253 (D.C. Cir. 2008) and *Stewart v. Nat'l Educ.
Ass'n*, 471 F.3d 169, 173 (D.C. Cir. 2006)); *see also Atherton v. Dist. of Columbia Office of the
Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009).  "A defendant may raise the affirmative defense of
statute of limitations via a Rule 12(b)(6) motion when the facts that give rise to the defense are
clear from the face of the complaint."  *Smith v. Holder*, 806 F. Supp. 2d 59, 62 (D.D.C. 2011)
(internal citations and quotation marks omitted).

## III.   DISCUSSION

The defendants argue that this case should be dismissed because (1) the 90-day
limitations period to file a suit under Title VII upon receipt of an EEOC Right to Sue letter had
run before the plaintiff filed her Motion for Leave to Amend Complaint and before the defendant
NCI received the notice required by the "relation back" test, *see* Defs.' Mem. at 1, and (2) the
Court does not have supplemental jurisdiction to hear the state-law claims of battery upon
dismissal of the Title VII claims.  *Id.* at 1.  The Court will address these claims seriatim below.

### A.   **Plaintiff's Amended Claims Are Not Barred**

In order to bring a civil action under Title VII, "the plaintiff must file [a] complaint
'within 90 days of receipt of the final action on an individual or class complaint if no appeal has
been filed.'"  *Smith*, 806 F. Supp. 2d at 62 (quoting 29 C.F.R. § 1614.407(a)).  The plaintiff
received her Right to Sue Letter on May 31, 2011 and filed a Complaint on the 90th day
following receipt of the letter, on August 29, 2011.  *See* Am. Compl., Att. 1; Original Compl.  It
is undisputed that the Original Complaint was filed within the 90-day limitations period for a
Title VII violation.  Pl.'s Mem. in Opp. to Defs.' Mot. to Dismiss, ECF No. 17 ("Pl.'s Mem."),

¶¶ 5-6; Defs.' Reply, ECF No. 19, at 2.  The defendants contend, however, that the plaintiff's Amended Complaint, which was filed with the leave of the Court on December 12, 2011, does not satisfy the "relation back" test under Federal Rule of Civil Procedure 15(c).  Defendant NCI argues that the Amended Complaint against NCI thus falls outside the 90-day limitations period and is untimely.  The defendants' basis for arguing that the Amended Complaint does not relate back to the Original Complaint is specious.

Federal Rule of Civil Procedure 15(c) "governs when an amended pleading 'relates back' to the date of a timely filed original pleading and is thus itself timely even though it was filed outside an applicable statute of limitations."  *Krupski v. Costa Crociere S. p. A*., 130 S. Ct. 2485, 2489 (2010).  Rule 15(c) imposes three requirements before an amended complaint against a newly named defendant may relate back to the original complaint: (1) the claim against the newly named defendant must have arisen "out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading," FED. R. CIV. P. 15(c)(1)(B), (C); (2) the newly named defendant must have "received such notice of the action that it will not be prejudiced in defending on the merits" within the period provided by Rule 4(m) for service of the summons and complaint (which is ordinarily 120 days from when the complaint is filed, *see* Rule 4(m)), Rule 15(c)(1)(C)(i); and (3) the plaintiff must show that, within the Rule 4(m) period, the newly named defendant "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."  Rule 15(c)(1)(C)(ii); *Krupski*, 130 S. Ct. at 2491-92; *see also United States ex rel. Miller v. Bill Harbert Int'l Constr., Inc.*, 608 F.3d 871, 884 (D.C. Cir. 2010) ("Rule 15(c)(1)(C)(ii) asks what the prospective defendants knew or should have known during the Rule 4(m) period, not what the plaintiff knew or should have known. . . . That a plaintiff knows of a party's existence does not preclude her

from making a mistake with respect to that party's identity.") (citing *Krupski*, 130 S. Ct. at 2493-94) (emphasis omitted).

The Court finds that the plaintiff's Amended Complaint against NCI meets all three requirements of Rule 15(c) and relates back to the date of the Original Complaint.  First, the Amended Complaint against NCI contains allegations that arise out of the same conduct, transaction, or occurrences set out in the Original Complaint.  FED. R. CIV. P. 15(c)(1)(B).  The Original Complaint alleged that "defendant, Pius Fon, Owner of Nation Care Inc., discriminated against me on the basis of sex, in violation of Title VII of the Civil Rights Act of 1964 . . . by subjecting me to severe and pervasive unwelcome sexual advances – unwelcome physical touching, propositions for sex, and sexual comments, as a condition for offering me employment, and requesting sexual favors as a condition for continuing employment with his company."  Original Compl. at 1.  The Amended Complaint only refines and provides more detail for the allegations set forth in the Original Complaint.  *See* Am. Compl.  Indeed, the defendants concede that they "have never argued that the original complaint did not seek recovery for the same alleged act as the amended complaint."  Defs.' Reply at 4.  Thus, the first requirement for relation back is satisfied.

Second, defendant NCI received notice of the Amended Complaint within the Rule 4(m) period and will not be prejudiced in defending the merits of the action.  In *Krupski*, the Supreme Court concluded that the most important factor to consider is whether the newly named defendant had some form of notice that they might be a named party.  *Krupski*, 130 S. Ct. at 2489-90; *United States ex rel. Miller*, 608 F.3d at 884.  The Rule 4(m) period of 120 days from the filing of the original complaint lapsed on December 27, 2011.  During this period, defendant NCI received notice regarding the plaintiff's allegations against it, as confirmed by at least four

filings.  First, the original pleading against defendant Fon, who is the alleged owner of defendant

NCI, made clear that the sexual harassment and retaliatory conduct alleged occurred in connection

with the plaintiff's employment at NCI.   The plaintiff also mentions NCI multiple times

throughout the *pro se* Original Complaint.   *See, e.g.*, Original Compl. at ¶¶ 1, 12, 17.   Second,

defendant Fon's original Motion to Dismiss, filed on October 12, 2011, by the same counsel

representing NCI on the instant motion, argued for dismissal based upon the plaintiff's failure to

name the proper party, namely NCI.   Third, the plaintiff's Motion for Leave to File the Amended

Complaint naming defendant NCI was filed on November 14, 2011.   Finally, upon granting the

plaintiff's motion, the Amended Complaint was filed on December 12, 2011.   In short, the

defendant NCI was properly named as a defendant in this action within the Rule 4(m) period of

120 days from the filing of the Original Complaint and, thus, clearly had notice of the claims

against it.

Given the clear notice given to defendant NCI within the Rule 4(m) period regarding the

plaintiff's claims against it, not only is the second requirement of Rule 15(c) satisfied, but so,

too, is the third requirement.   Within the Rule 4(m) period, defendant NCI, allegedly owned by

defendant Fon, knew or should have known that the action would have been brought against it.

*See, e.g.*, *Benson v. Univ. of Me. Sys.*, No. 11-00183, 2012 U.S. Dist. LEXIS 57350, at *22 (D.

Me. Apr. 24, 2012) ("As to defendants, identity of interest typically means that parties are so

closely related in their business operations or other activities that the institution of action against

one serves to provide notice of the litigation to the other") (quoting *Young v. Lepone*, 305 F.3d 1,

14-15 (1st Cir. 2002)); 6A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE,

FEDERAL PRACTICE AND PROCEDURE § 1499 (3d ed. 2010) ("When the named defendant and the

party that the plaintiff actually intended to sue have an 'identity of interest,' an amendment

adding the proper party will relate back if the other requirements of Rule 15(c)(1)(C) have been satisfied."); *Nunley v. Ethel Hedgeman Lyle Acad.*, No. 8-1664, 2010 U.S. Dist. LEXIS 114191, at *18 (E.D. Mo. Oct. 27, 2010) (finding that filing of amended complaint related back to the date of filing of original complaint where defendant named in amended complaint "should have known that plaintiffs' failure to name it as a defendant in their original complaint was due to a mistake concerning the proper party's identity").

Defendant NCI's argument is predicated upon an incorrect reading of Rule 15(c).[5] Defendant NCI apparently and erroneously argues that for relation back to be proper in this case, it must have received notice of the plaintiff's claims against it and known about it by September 2, 2011, which is within the 90-day limitations period within which the plaintiff must file a complaint after receipt of the EEOC right-to-sue letter, plus an additional three days. This is simply not the correct measure of the timeliness of the Amended Complaint for purposes of the relation back test in Rule 15(c). Accordingly, the "relation back" requirements under Rule 15(c) are satisfied and the defendant's Motion to Dismiss Plaintiff's Title VII claims is denied.

---

[5] The defendants rely on *Schiavone v. Fortune*, 477 U.S. 21, 29-30 (1986) to support their argument that Title VII cannot relate back to the plaintiff's original Complaint. This reliance is in error. *Schiavone* prompted a change to Rule 15(c) and the holding in *Schiavone* on which the defendants rely is no longer good law. *See* FED. R. CIV. P. advisory committee's notes on 1991 Amendment ("Paragraph (c)(3). This paragraph has been revised to change the result in *Schiavone v. Fortune, supra*, with respect to the problem of a misnamed defendant. An intended defendant who is notified of an action within the period allowed by Rule 4(m) for service of a summons and complaint may not under the revised rule defeat the action on account of a defect in the pleading with respect to the defendant's name, provided that the requirements of clauses (A) and (B) have been met. If the notice requirement is met within the Rule 4(m) period, a complaint may be amended at any time to correct a formal defect such as a misnomer or misidentification. On the basis of the text of the former rule, the Court reached a result in *Schiavone v. Fortune* that was inconsistent with the liberal pleading practices secured by Rule 8."); *Powell v. Bolton Square Hotel Co.*, No. 09-2451, 2010 U.S. Dist. LEXIS 45479, at *11 (N.D. Ohio May 10, 2010) ("Rule 15(c) was amended in 1991 specifically to avoid the result in *Schiavone* . . ."); *see also Jacobsen v. Osborne*, 133 F.3d 315, 319-20 (5th Cir. 1998) ("The only significant difference between the *Schiavone* rule and amended Rule 15(c) is that, instead of requiring notice within the limitations period, relation back is allowed as long as the added party had notice within 120 days following the filing of the complaint, or longer if good cause is shown.") (citations omitted).

**B.      Plaintiff's State-Law Claims of Battery Are Not Subject to Dismissal**

The plaintiff's Title VII claims are properly before this Court and therefore jurisdiction over the state law claims may be asserted under 28 U.S.C. § 1367 because the state law claims are part of the same case or controversy.  *See, e.g.*, *Grissom v. District of Columbia*, No. 11-1604, 2012 WL 1142555, at *8 (D.D.C. Apr. 6, 2012) (stating that "because federal claims remain and all of Plaintiff's non-federal claims are sufficiently interrelated, the Court retains jurisdiction over the entire suit").

**IV.      CONCLUSION**

For the reasons stated above, the Amended Complaint against the newly named defendant NCI relates back under Rule 15(c) to the filing of the Original Complaint, which was indisputably timely filed within the 90-day limitations period for the filing of a discrimination action after receipt of an EEOC right-to-sue letter.   Accordingly, the Defendants' Motion to Dismiss the Amended Complaint is denied.   An Order accompanies this Memorandum Opinion.


**DATED:**  June 5, 2012

                                        /s/ Beryl A. Howell
                                        BERYL A. HOWELL
                                        United States District Judge